IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ISA LAMONT GREEN,            )
                             )
            Petitioner,      )
                             )
        v.                   )    1:05CV00067
                             )
SHERWOOD R. McCABE, Supt. of )
Harnett Correctional Inst., )
                             )
            Respondent.      )

### RECOMMENDATION OF MAGISTRATE JUDGE ELIASON

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 5, 2000, in the Superior Court of Richmond County, petitioner was convicted of statutory rape in case 99 CRS 5079. He was subsequently sentenced to 216-269 months of imprisonment.

Petitioner appealed his conviction and sentence, but, on December 4, 2001, the North Carolina Court of Appeals issued an opinion finding no error. Petitioner did not pursue his direct appeal further. However, he did file a motion for appropriate relief in Richmond County. That motion is dated August 21, 2003 and was denied on September 25, 2003. Petitioner next sought a writ of certiorari from the North Carolina Court of Appeals, but this request was denied on November 7, 2003. Petitioner sought no further review in the state courts. His petition was received by this Court on January 7, 2005.

In addition to responding to the petition on its merits, respondent requests dismissal on the ground that the petition was

filed[1] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA amendments apply to all Section 2254 petitions filed after its effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Because the time bar issue is dispositive of the case, the Court will address it first. Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).

The limitation period starts running from the date when the judgment of conviction became final at the end of direct review. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). It is tolled while state post-conviction proceedings are pending. Id. The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999), cert. denied, 528 U.S. 1197, 120 S.Ct. 1262, 146 L.Ed.2d 117 (2000).

The Fourth Circuit, as well as a number of courts, have held that the one-year limitation period is subject to equitable tolling. Harris, supra; Sandvik, 177 F.3d at 1271 (collecting

---

[1] A Section 2254 petition is filed by a prisoner when the petition is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

cases).  Equitable tolling may apply when the petitioner has been unable to assert claims because of wrongful conduct of the state or its officers.  A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently.  Pace v. DiGuglielmo, ____ U.S. ____, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); Harris, supra; Akins v. United States, 204 F.3d 1086 (11th Cir.), cert. denied, 531 U.S. 971, 121 S.Ct. 410, 148 L.Ed.2d 316 (2000).

Petitioner's appeal became final on direct review, at the latest, on January 8, 2002 when his time for seeking review of the North Carolina Court of Appeals denial of his appeal expired.  That opinion was issued on December 4, 2001, the mandate was issued 20 days later, and petitioner then had 15 days to file a notice of appeal or petition for discretionary review with the North Carolina Supreme Court.[2]  N.C.R. App. P. 14, 15, 32.  He did not appeal further and direct review ended, making his conviction final. Petitioner's one-year time limit then began to run and expired a year later in January of 2003.

The record contains nothing which would have tolled the running of the time limit and petitioner does not assert that such a document exists.  Nor would the motion for appropriate relief that he prepared in August of 2003 have any effect.  Once the time

---

[2] Because petitioner did not further appeal, it would seem his conviction actually became final when the North Carolina Court of Appeals mandate issued. However, the Court will include the additional 15-day period in the finality calculation in this case because respondent has done so and because it makes no difference in the outcome of the case.

-3-

limit has run, further filings do not revive it.  <u>Minter v. Beck</u>, 230 F.3d 663 (4th Cir. 2000).  Petitioner's motion for appropriate relief was submitted months after the time limit had expired.

Petitioner does not dispute the time line set out above or point to any grounds for equitable tolling.  Instead, he cites to N.C. Gen. Stat. § 15A-952(d) and claims that the State of North Carolina "waives" the one-year time limit in this statute.  The statute that petitioner relies on deals with motion practice in the courts of North Carolina and states that motions challenging jurisdiction can be raised at any time.  The statute has nothing at all to do with the AEDPA time limits or anything else before this Court.  Clearly, it is not the waiver that petitioner believes it to be.  His argument fails, his claims are time barred, and respondent's motion to dismiss should be granted.

**IT IS THEREFORE RECOMMENDED** that respondent's motion to dismiss (docket no. 3) be granted, that the habeas petition (docket no. 1) be denied, and that Judgment be entered dismissing this action.

/s/ Russell A. Eliason
United States Magistrate Judge

August 2, 2005

-4-